[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10853
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00007-CV-WLS-6

J. R. SEAY,
a.k.a. Jerume R. Seay,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

----------------------------------------------------------------

**(January 26, 2006)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

J.R. Seay appeals the dismissal, by the doctrine of <u>res judicata</u>, of his <u>pro se</u> quiet title action. No reversible error has been shown; we affirm.

Seay alleged that the Internal Revenue Service (IRS), by failing to follow proper its own administrative procedures, wrongfully seized and sold (to satisfy his tax liability) nine parcels of property that Seay owned. Seay claimed that the IRS's tax lien was fraudulent and that the seizure and levy of his properties was void. Seay further contended that the federal government lacked authority and jurisdiction over his properties because these properties were in the state of Georgia.

The district court dismissed Seay's lawsuit as barred by the doctrine of <u>res judicata</u>. That court noted that the IRS earlier had filed an action to seize Seay's property, that Seay had moved to obtain a temporary restraining order (TRO) to prevent the IRS from selling his property, and that Seay's allegations were the same in the TRO and in the present quiet title action.

We conclude that Seay has abandoned a challenge to the propriety of the district court's <u>res judicata</u> dismissal. In his initial appellate brief, Seay mentions that the district court dismissed his complaint on <u>res judicata</u> grounds, and he frames the issue as "the dismissal of [his] complaint by the district court was not proper." But Seay makes no substantive argument about the propriety of the

district court's res judicata dismissal: Seay directs his substantive argument to the underlying claims he presented in his complaint. Even though we are mindful of the liberal construction we afford to pro se pleadings, Seay has abandoned a challenge to the res judicata basis of the district court's dismissal. See Irwin v. Hawk, 40 F.3d 347 & n.1 (11th Cir. 1994) (noting pro se litigant abandons issue by not challenging it on appeal).[1]

And regardless, we agree with the district court that Seay's action is barred by the doctrine of res judicata: this doctrine bars claims "which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).[2] A claim will be barred by prior litigation if: (1) a final judgment was rendered on the merits; (2) a court of competent jurisdiction made the decision; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Id.

Here, all four requirements were met. The United States District Court for the Middle District of Georgia resolved this case and the earlier case, In re Tax

---

[1] We note that Seay does challenge the res judicata basis of the dismissal in his reply brief. But arguments raised for the first time in a reply brief are not properly before us. See Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003).

[2] We review de novo whether a lawsuit is barred on the basis of res judicata. Ragsdale, 193 F.3d at 1238.

Indebtedness of J.R. Seay. The parties are the same. Seay's argument in both cases was based on the same facts: the government's allegedly wrongful and procedurally infirm seizure of his property to satisfy his tax liability. And a final judgment on the merits occurred in the tax suit.

AFFIRMED.