[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2006
THOMAS K. KAHN
CLERK

No. 05-13609
Non-Argument Calendar
_____

D. C. Docket No. 02-02662-CV-5-MEF

DEIRDRA J. BROWN,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF JUSTICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 31, 2006)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Deirdra Brown, proceeding pro se, appeals the district court's order

dismissing her complaint against the Department of Justice ("DOJ") seeking the release of information and damages under the Freedom of Information Act ("FOIA") and the Privacy Act ("PA"), 5 U.S.C. §§ 552 and 552A.

I. Background

Brown, a former assistant U.S. Attorney in Alabama, filed a pro se complaint against the DOJ seeking release of information under the FOIA and the PA pertaining to her allegations of racial discrimination and harassment while she was employed in the U.S. Attorney's Office in the Northern District of Alabama and the presence of false information in her personnel file. She asserted that the false information in her record "threatens to destroy [her] career."

According to the record, Brown requested that the agency provide her with copies of, inter alia,

> 1. Any letters, memoranda, documents, e-mails or other notations placed in my file by Huntsville Branch Office Supervisor Will Chambers, Personnel Administrator China Davidson, Former Criminal Division Chief Joe Mclean, and current United States Attorney Alice Martin accusing Deirdra J. Brown of unprofessional conduct or misconduct of any kind.
> 2. Any letters, memoranda, documents, e-mails or other notations submitted by former HBO Supervisor Victor Conrad, Sandra Coker, and any other employee of the Huntsville Branch Office, concerning the existence of a racially hostile environment directed at Deirdra J. Brown by persons at the United States Attorney's Office for the Northern District of Alabama between the dates March 15, 1998 and the date of this letter.
> 3. Any letters, memoranda, documents, e-mails or other notations

2

concerning plans to terminate Deirdra J. Brown written by any member of the current and/or former supervisory staff of the United States Attorney's Office for the Northern District of Alabama at any time between March 15, 1998 and the date of this letter. . . .
6. Any letters, memoranda, documents, e-mails or other notations submitted by members of Federal Law Enforcement community in the Northern District of Alabama, to personnel of the United States Attorney's Office containing accusations of misconduct of any kind against Deirdra J. Brown.

Brown did not include her birth date or social security number on this request, nor did she sign it under penalty of perjury or in the presence of a notary. She later submitted a second request for information. Again, Brown did not include her birth date or social security number on this request, nor did she sign it under penalty of perjury or in the presence of a notary.

When the agency was not immediately forthcoming with the documents, Brown sent multiple follow-up requests. Eventually, Brown sent a third request, which listed her birth date and social security number. Approximately five months after the initial request, the agency began releasing documents.[1] The agency denied Brown's request to correct allegedly false information in her file. Brown appealed the decision; the appeal was pending at the time she filed the complaint.

---

[1] Other documents were withheld under FOIA and PA exemptions. Prior to the district court's decision, the DOJ submitted a Vaughn Index detailing the documents withheld under FOIA exemptions. In a subsequent brief before the court, Brown referenced the Vaughn Index, but did not challenge any of the exemptions or request that the court conduct a review of the documents withheld.

3

The DOJ moved to dismiss the complaint, or alternatively for summary judgment, asserting that the issue was moot because the agency had released the information. The DOJ further asserted that the claim seeking to correct allegedly false information was not ripe because Brown had not exhausted her administrative remedies, as she had not appealed the agency's refusal to correct the information.

Brown responded to the motion, asserting that the DOJ intentionally withheld the documents, acted arbitrarily and capriciously, and did not comply with the requests within the time frame set out in the regulations. After ordering the parties to address the exhaustion issue, the district court granted the motion to dismiss. First, the court found that the FOIA claims were unexhausted because Brown's request failed to reasonably describe the documents sought, as it was too broad and did not provide sufficient detail. Second, the court determined that the PA request did not meet the stringent filing requirements of 28 C.F.R. § 16.41 because Brown had not submitted proper identification information. Finally, the court determined that damages under the PA were not appropriate because Brown's claim of possible adverse consequences was too speculative. Brown now appeals, raising the following issues: the district court erred by (a) dismissing her FOIA complaint, (b) dismissing her PA complaint; and (c) denying her request for damages.

4

II. The Appeal

A district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is reviewed de novo, accepting all of the plaintiff's allegations as true. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A district court's determinations under the FOIA are reviewed for clear error. Miscavige v. I.R.S., 2 F.3d 366, 367 (11th Cir. 1993). "Because the question of mootness is jurisdictional in nature, it may be raised by the court sua sponte, regardless of whether the district court considered it or if the parties briefed the issue." National Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir.), petition for cert. filed, (Oct. 14, 2005) (No. 05-492).

A. FOIA

Under the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A district court has jurisdiction over a complaint brought under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C.

§ 552(a)(4)(B). Jurisdiction under this statute is based upon the plaintiff's showing that an agency has improperly withheld agency records. Kissinger v. Reporters Comm. For Freedom of the Press, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980).

Here, although the district court erroneously found that the request failed to adequately identify the records sought, as Brown has received the documents, the issue has become moot and Brown is not entitled to injunctive relief under the FOIA. Lovell v. Alderete, 630 F.2d 428, 430-31 (5th Cir. 1980)[2] (holding issue was moot when plaintiff received documents sought even though the agency provided them in an untimely fashion). Accordingly, we affirm the dismissal on this ground.[3]

B. Privacy Act

The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." Perry v. Bureau of Prisons, 371 F.3d 1304, 1304-05 (11th Cir. 2004)

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the old Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

[3] This court may affirm on any adequate grounds even if those grounds differ from the district court's. Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

(citing Gowan v. U.S. Dep't of the Air Force, 148 F.3d 1182, 1187 (10th Cir. 1998)). The Privacy Act provides for causes of action for, inter alia, an agency's denial of access to records, an agency's failure to maintain its records with accuracy, relevance, timeliness, and completeness to assure fairness in determinations, and an agency's failure to comply with any other Privacy Act provision which causes an "adverse effect on an individual." Gowan, 148 F.3d at 1187. The Act vests the district court with jurisdiction to consider civil actions brought against agencies alleged to have violated its provisions. 5 U.S.C. § 522a(g)(1)(C).

To the extent that Brown challenges the denial of access to records under the PA, that claim is moot, as the agency released the documents. Thus, the only remaining issue under the PA is whether the agency failed to correct information as requested. To state a claim, Brown must allege "1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that [she] suffered actual damages." Perry, 371 F.3d at 1304-05.

The district court determined that Brown had not sufficiently identified herself or the records sought as required under the PA. Under 28 C.F.R. § 16.41,

an individual seeking records must "verify [her] identity . . . [by stating] full name, current address, and date and place of birth." The request must be signed and notarized or otherwise submitted under penalty of perjury. Id. § 16.41(d).

Here, Brown failed to verify her identity; she did not submit her request with a notarized signature or indicate that she signed the request under penalty of perjury. Moreover, her request did not include all the other identifying information required under the regulations. Therefore, the district court correctly determined that Brown had not properly filed her PA request, and dismissal was proper. Even if Brown's request was properly filed, Brown failed to allege all the elements of a PA claim in her complaint, as it is devoid of any allegations of adverse consequences or actual damages Brown suffered as a result of the violation. Therefore, dismissal was proper on this alternate ground.

C. Damages[4]

Finally, the district court properly denied Brown's request for damages. In order to obtain fees and costs under FOIA, the moving party must have substantially prevailed. 5 U.S.C. § 552(a)(4)(E). Because Brown has not prevailed

---

[4] Brown concedes that as a pro se litigant, she would not be entitled to attorney's fees. Therefore, she has abandoned this issue. Nevertheless, a pro se litigant, even if she is a lawyer, is not entitled to attorney's fees under the FOIA. Ray v. U.S. Dep't. of Justice, 87 F.3d 1250 (11th Cir. 1996).

in her claims, she is not entitled to fees and costs under the FOIA.  Lovell, 630 F.2d at 432.

In contrast, the PA provides for "actual damages sustained by the individual as a result of the refusal or failure" to provide documents.  5 U.S.C. § 552a(g)(4)(a).  The plaintiff must prove some measure of actual damages to recover under the Privacy Act.  Kehoe v. Fid. Fed. Bank & Trust, 421 F.3d 1209, 1214 (11th Cir. 2005).  Here, Brown has not shown that she suffered actual damages and her claims that she experienced adverse consequences are speculative.

III. Conclusion

For the foregoing reasons, we AFFIRM the district court.