Joseph DELVECCHIO, and Carol Delvecchio, Petitioners,

v.

John SMITH, an agent of the Internal Revenue Service, Respondent.

Joseph Delvecchio, and Carol Delvecchio, Petitioners,

v.

John Smith, an agent of the Internal Revenue Service, Respondent.

Nos. 07–14127–CIV, 07–14249–CIV.

United States District Court, S.D. Florida, Ft. Pierce Division.

Sept. 29, 2008.

Joseph Delvecchio, Stuart, FL, pro se.

Carol Delvecchio, Stuart, FL, pro se.

Noticing Social Security US Attorney, Jonathan D. Carroll, Patrick J. Hannon, Rachael Amy Kamons, Thomas F. Koelbl, United States Department of Justice, Washington, DC, for Respondent.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon the Parties' Motions and Cross Mo-

tions for Summary Judgment [D.E. 23, 42, 45].

## I. BACKGROUND

These matters were initiated when *pro se* Petitioners filed two separate actions seeking relief related to tax liens issued by the Internal Revenue Service ("IRS"). Petitioners filed the first action pursuant to the Freedom of Information Act, 5 U.S.C. § 552, et seq., ("FOIA") alleging that the IRS had failed to timely and fully respond to the Petitioners' request for certain tax documents. *See,* Case No., 07–14127–CIV–GRAHAM/LYNCH, [D.E. 1]("FOIA Action"). The Respondent–IRS maintained that the IRS had properly responded to the Petitioners' FOIA request and had already produced the requested documents to the Petitioners. The IRS moved for summary judgment on the matter, but did not provide this Court with any of the documents that the IRS had produced in response to the Petitioners' FOIA request [D.E. 23].

In the second action, the Petitioners set forth a number of claims against the IRS related to the tax lien placed upon their home, and specifically alleged that the IRS failed to follow proper procedures in making certain assessments in 2001 which served as the basis for the tax lien. *See,* Case No., 07–141249–CIV–GRAHAM–LYNCH, [D.E. 1]. The IRS moved to dismiss that action on several grounds including sovereign immunity, failure to properly serve the United States and failure to name the United States as the proper party [D.E. 5] On March 13, 2008, this Court granted the IRS's Motion to Dismiss, in part, dismissed several of the claims brought by the Petitioners, and permitted the Petitioners to proceed only on a quiet title action pursuant to 28 U.S.C.

§ 2410, to challenge any alleged procedural irregularities by the IRS in placing a tax lien upon their property [D.E. 29]. In addition, in that Order, the Court directed the Petitioners to properly serve the United States and to substitute the United States as the proper party.

On July 28, 2008, the Court issued an Order directing the IRS to supplement its Summary Judgment Motion in the FOIA action by providing the Court with the documents which were produced to the Petitioners, and directed the IRS to file a Motion for Summary Judgment on the Quiet Title Action [D.E. 43]. In that Order, the Court also permitted to Petitioners to file a cross motion for summary judgment. The Parties have complied with the Court's Order, and the matters, as set forth above, are now fully briefed.

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

## II. LAW & DISCUSSION

### A. Motion for Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R.Civ.P. 56(c). The moving party has the burden of production. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). When the moving party has met this burden by offering sufficient evidence to support the motion, the party opposing must then respond by attempting to establish

the existence of a genuine issue of material fact. *See Adickes,* 398 U.S. at 160, 90 S.Ct. 1598.

In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

## B. FOIA Matter, Case No. 07–14127

In the first matter, the Petitioners challenge the adequacy of the IRS's response to the Petitioners' March 7, 2007 FOIA request. The Petitioners assert that the IRS did not respond to the Petitioners' FOIA request until seventy-seven (77) days after the IRS received the request, and that the IRS failed to produce certain requested documents, including the tax assessment made in November of 2001.

■■■ In examining a FOIA violation claim, the Eleventh Circuit has stated,

The adequacy of an agency's search for documents requested under FOIA is judged by a *reasonableness standard* ... Under this standard, the agency need not show that its search was exhaustive. Rather, the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents ... The government agency may meet this burden by producing affidavits of responsible officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith ...

If the government agency meets its burden of proving that its search was reasonable, then the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable *or was not conducted in good faith.*

*Ray v. U.S. Dept. Of Justice,* 908 F.2d 1549, at 1558, (11th Cir.1990), rev'd on other grounds, 502 U.S. 164, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)(emphasis added) (citations and quotations omitted). Thus, the Court will apply the "reasonableness standard" in evaluating whether the IRS properly responded to the Petitioners' FOIA request in the matter sub judice.

In its Motion for Summary Judgment, the IRS asserts that it has not improperly withheld any documents requested by the Petitioners and has, after conducting a search of the records, retrieved and produced documents responsive to the Petitioners' request [D.E. 23–2]. In support of its position, the IRS submitted the Declaration [D.E. 23–3] and Corrected Declaration of Joyce E. Broughton [D.E. 30–2] wherein Ms. Broughton indicates that she is a Disclosure Specialist for the IRS and has worked for that agency for approximately twenty-five (25) years. Ms. Broughton states that she is the person who processed the Petitioners' FOIA request and that she did not deviate from the IRS Disclosure Office's standard procedures in processing that request, and did not withhold any responsive documents found. She also set out the standard procedure used by the IRS in searching for records responsive to a FOIA request. In addition, Ms. Broughton states that she sent the taxpayers "... 20 pages of IMF transcripts relating to the tax years at issue, 11 pages of non-Master File transcripts for the tax years at issue, and 9

pages of assessment records for the 1994 tax year." [D.E. 30–2 at 4]. The IRS has also submitted a letter from Ms. Broughton to a Manager at the RACS Unit wherein she requests various documents related to the Petitioners' tax assessment of November 13, 2001. *See* [D.E. 30–4].

In addition, in response to this Court's July 28, 2008 Order, the IRS submitted the computer documents that were produced to the Petitioners in response to their FOIA request. *See* [D.E. 42]. The submission included twenty-three (23) pages entitled "IMF MCC TRANSCRIPT SPECIFIC", which appear to be records for several tax years including, tax years 1987, 1988, 2003 and 2004. Significantly, information for the tax year 1994 was also included on various pages of that submission. *See*, [D.E. 42–2, pages 6, 7, 17]. The IRS also submitted nine pages captioned "Summary of Record Assessments" which reflected an assessment made against the Petitioners on November 13, 2001. *See*, [D.E. 42–3]. Further, the IRS submitted ten more pages entitled "Official Internal Revenue Service Non–Master File Transcript." *See*, [D.E. 42–4].

Petitioners filed an opposition to the IRS's original Motion for Summary Judgment arguing that the IRS had still failed to provide the requested FOIA documents, and failed to produce the assessment issued to support the federal tax lien placed upon the Petitioners' property [D.E. 27]. Further, the Petitioners have filed a Response to the IRS's Supplemental filing and have also filed a cross-motion for summary judgment [D.E. 45]. In that filing, the Petitioners assert, *inter alia*, that the Declaration of Ms. Broughton is in error, that the IRS failed to address the issue of the tardy response by the IRS to the Petitioners' FOIA request, and that the

IRS failed to address the requirement of 26 USC § 6203 which requires the IRS to produce a copy of its assessment to a taxpayer upon demand [D.E. 45].

Thus, the logical starting point for determining whether the IRS has sufficiently responded to the Petitioners' FOIA request is to examine the request made by the Petitioners' and compare that to the documents produced by the IRS. The March 5, 2007, FOIA request sent by the Petitioners to the IRS requested a number of documents related to the tax years 1987 and 1988 [D.E. 30–3]. The Petitioners' request focused on the assessment for those tax years issued on November 13, 2001, and the documents supporting that assessment. More specifically, in the Request, the Petitioners stated, "Please note that we are not requesting copies of the 1994 assessment nullified by the U.S. Tax Court in 2003, but rather the assessment recorded on November 11, 2001, upon which current collection efforts are based." [D.E. 30–3 at 2].

 The Court has thoroughly reviewed the documents produced and the procedures utilized by the IRS in responding to the Request and finds that the IRS conducted a search reasonably calculated to uncover the relevant documents, thereby satisfying the reasonableness standard for FOIA requests. The IRS provided forty pages of three different types of documents that related to the assessment recorded on November 11, 2001 and the tax years in question 1987 and 1988. In addition, the IRS produced a relatively detailed, nonconclusory, good faith declaration of a responsible official which clearly set forth the procedures used in searching for documents relevant to the Petitioners' request. Further, the Court finds that the Petitioners have not shown that the search

was not reasonable or was not conducted in good faith. The fact that every document requested by the Petitioners may not have been produced does not mean that the IRS violated the requirements of FOIA. Moreover, as discussed in detail below, due to the procedural history of the tax assessments in this matter, including Petitioners' earlier legal challenges, some of the documents that Petitioners seek may not exist in the form requested by the Petitioners, and thus could not be produced by the IRS. The Court therefore concludes that the IRS complied with the FOIA requirements.

Also, the Court notes that Joyce Broughton's Corrected Declaration is not inaccurate. Rather, as stated above, although Petitioners assert that the documents did not include 1994 documents, the Petitioners are incorrect as the Court reviewed the records and confirmed that they did include 1994 actions, and therefore the Declaration was correct in this respect.

■ Finally, as to Petitioners' argument that the IRS was untimely in its response to the FOIA request, the Court finds that the Petitioners are not entitled to relief on this claim. First, the Court has already concluded that the IRS is not improperly withholding any documents from the Petitioners and adequately responded to the FOIA request. Second, pursuant to the FOIA statute, a party may only obtain fees and costs if the party substantially prevailed in the action. *See, e.g., Brown v. U.S. Dep't. Of Justice*, 169 Fed.Appx. 537, 541 (11th Cir.2006) (citations omitted). Thus, as the Petitioners have not substantially prevailed in this action, they are not entitled to either fees or costs, and have utterly failed to demonstrate that they suffered any damages for the IRS's alleged tardy production.

It is clear from the Parties' submissions that there are no material facts upon which a reasonable jury could find on behalf of the Petitioners, and thus they are unable to prevail on their FOIA claim and the IRS is entitled to summary judgment.

## C. Quiet title action, Case No. 07–14249

■ The Petitioners also seek to have the federal tax lien removed from their property as they allege that the IRS did not follow proper procedures in issuing the assessment that gave rise to the lien. However, after a thorough review of the record, it is clear that for the following reasons, Petitioners are not entitled to relief on this claim, either.

First, in its response to the Respondent's Motion for Summary Judgment and in the Petitioners' Motion for Summary Judgment, the Petitioners state in relevant part,

> This case only involves assessments made for the tax years 1987 and 1988. The first assessments were made against Petitioners jointly on April 7, 1994 and recorded in the IRS individual master files; but, those assessments were improper, and were abated by the IRS on October 29, 2001. The assessments primarily being discussed and challenged herein were made as a result of a U.S. Tax Court Order and were recorded against Joseph DelVecchio and Carol DelVecchio individually on November 13, 2001.

*See* [D.E. 43, 44]. However, the Respondent has submitted documents to this Court that clearly support the Petitioners' position on this claim. Specifically, the United States Tax Court issued a Memo on September 27, 2004, wherein it found

that the November 13, 2001 Assessment made by the IRS against the Petitioners was valid.[1] *See* [D.E. 42–4], *Joseph A. and Carol Delvecchio v. Commissioner of Internal Revenue*, T.C. Memo.2004–218, 2004 WL 2153932 (U.S.Tax Ct. Sept. 27, 2004). That opinion was affirmed by the Eleventh Circuit on February 9, 2006, wherein the Court stated, "[w]e have reviewed the record and considered the briefs and argument of the parties and find no reversible error in the Tax Court's determination that taxpayers' 1987 and 1988 income tax liabilities were timely and validly assessed in 2001. We find that because adherence to statutory procedures was properly verified, there was no error in the decision to allow collection of the income tax liabilities to proceed." *Delvecchio v. C.I.R.*, 166 Fed.Appx. 431 (11th Cir.2006). The Respondent asserts that those rulings have a *res judicata* effect on the instant action, as the same issues litigated in that action are raised by the Petitioners in this action.

In their Response, the Petitioners counter that the prior U.S. Tax Court decision does not have a *res judicata* effect on the instant action because, "... until late 2003, Petitioners challenge to the IRS assessment concerned the invalid 1994 assessments. Because, again, the IRS had neglected to inform Petitioners of the 2001 assessments." Petitioners then begin to discuss FOIA requests that were filed in late 2003 and 2004, and ultimately state, "... thus it is not possible for res judicata to apply in this case since the earlier proceedings [the U.S. Tax Court order is dated August 9, 2001, and the Eleventh Circuit mandate is dated May 29, 2002] concerned the abated 1994 as-

sessments, and the current proceedings are related to a procedural challenge of the assessments recorded on November 13, 2001." [D.E. 45 at 7] (brackets in original). Thus, the Petitioners fail to address or acknowledge the 2004 opinion of the U.S. Tax Court and the 2006 affirming Order by Eleventh Circuit, which clearly indicate that the November 13, 2001 assessments were valid.

■■■ The doctrine of res judicata bars claims which were raised or could have been raised in an earlier proceeding. *Seay v. U.S.*, 166 Fed.Appx. 422, 423 (11th Cir.2006)(citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999)). A claim will be barred by prior litigation if: (1) a final judgment was rendered on the merits; (2) a court of competent jurisdiction made the decision; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Id.*

In the instant matter, all four requirements are satisfied. This matter was resolved by the United States Tax Court and the Eleventh Circuit. The parties in this matter are the same as in that case. The Petitioners' arguments in both cases are based on the IRS's alleged procedurally improper issuance of a tax assessment on November 13, 2001, against the Petitioners. And, a final judgment on the merits occurred in that tax suit. As such, the issues raised by the Petitioners herein are barred by *res judicata*. Thus, the IRS is entitled to summary judgment on this claim, as well.

## D. Petitioners' Cross Motion for Summary Judgment

For the reasons discussed, *supra*, the Petitioners are not entitled to relief on

---

1. Curiously, the Petitioners assert in the FOIA matter, that the U.S. Tax invalidated the April 7, 1994 assessments in its September 27, 2004 Order in Case No. 6893–03L. *See*, [D.E. 28 at 3]. This statement is incorrect as the Tax Court did not invalidate the 1994 assessments in that opinion, but rather found that the assessments were valid, even if premature.

their Motion for Summary Judgment in either action. The Court need not reach the Affidavit submitted by the Petitioners from Victoria Osborn, or any issues related to that Affidavit, in order to determine that the Petitioners' claims are foreclosed as they are subject to *res judicata* in the quiet title action and are without merit in the FOIA action. Accordingly, the Petitioners' Motion for Summary Judgment is due to be denied.

### III. *CONCLUSION*

Based on the foregoing discussion, it is

**ORDERED AND ADJUDGED** that Respondent IRS's Motion for Summary Judgment [D.E. 23] filed in Case Number 07–14127–CIV–GRAHAM/LYNCH is hereby **GRANTED.** Petitioners' Petition [D.E. 1] is **DISMISSED.** It is further

**ORDERED AND ADJUDGED** that Respondent IRS's Motion for Summary Judgment [D.E. 42] filed in Case Number 07–14249–CIV–GRAHAM/LYNCH is hereby **GRANTED.** Petitioners' Amended Petition [D.E. 31] is **DISMISSED.** It is further

**ORDERED AND ADJUDGED** that Petitioners' Comprehensive Combined Motion for Summary Judgment [D.E. 47] filed in Case Number 07–14127–CIV–GRAHAM/LYNCH and 07–14249–CIV–GRAHAM/LYNCH is hereby **DENIED.** It is further

**ORDERED AND ADJUDGED** that Case Number 07–14127–CIV–GRAHAM/LYNCH and Case Number 07–14249–CIV–GRAHAM/LYNCH are hereby **CLOSED** and all pending motions in those matters are **DENIED as MOOT.**

**DONE AND ORDERED.**