Cathy JARVIS, Plaintiff–Appellee,

v.

Billy WELLMAN;  John T. Wigginton;
Al C. Parke;  and Steve Smith,
Defendants–Appellants.

No. 93–6415.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 7, 1994.

Decided April 24, 1995.

Richard C. Roberts (argued and briefed) and Mark S. Medlin, Whitlow, Roberts, Houston & Russell, Paducah, KY, for plaintiff-appellee.

Barbara W. Jones (argued and briefed), Office of the Gen. Counsel, Corrections Cabinet, Frankfort, KY, for defendants-appellants.

Before:  NORRIS and SUHRHEINRICH, Circuit Judges;  MILES, District Judge.*

ALAN E. NORRIS, Circuit Judge.

This appeal from a denial of qualified immunity obliges us to determine whether the unauthorized release of confidential medical information violates a constitutional privacy right.  We conclude that it does not and therefore reverse the order of the district court.

**I.**

Plaintiff, Cathy Jarvis, brought this action pursuant to 42 U.S.C. § 1983 against officials of the Corrections Cabinet of the Commonwealth of Kentucky when she learned that her father in October 1991, while he was an inmate in the Kentucky penal system, obtained access to her confidential medical records and those of her infant child.

According to plaintiff's fourth amended complaint,[1] her father, who was serving a sentence for rape and sexual abuse of his children, managed to examine these confidential medical records through an inmate work program.  She alleges that defendants John T. Wigginton and Billy Wellman failed to

---

* The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation.

1.  Because the district court stayed discovery, the facts have not been extensively developed.  For purposes of this appeal, therefore, we accept the allegations made in the amended complaint as true.  Defendants have not disputed this assumption.

exercise proper care in implementing policies for inmate employment and that defendants Steve Smith and Al C. Parke inadequately supervised working inmates. The complaint charged that their negligent behavior resulted in "an invasion of plaintiff's privacy, an unconstitutional deprivation of her rights."

In its memorandum opinion denying defendants the defense of qualified immunity, the district court relied upon two cases from this circuit that one might argue implicitly recognized a privacy interest in medical records. *General Motors Corp. v. Director of Nat'l Inst. for Occupational Safety and Health,* 636 F.2d 163 (6th Cir.1980), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981); *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir.1987). Although in both cases this court approved the release of medical records, the decisions were based upon the "legitimate" nature of the requests for the information. *General Motors Corp.,* 636 F.2d at 166; *Gutierrez,* 826 F.2d at 1539. The district court inferred from this approach that a "non-legitimate" release of confidential medical information would violate a constitutional right to nondisclosure because "[o]therwise, the right against disclosure would not exist at all."

## II.

■ The applicability of the doctrine of qualified immunity involves a question of law, and we therefore review *de novo* the district court's decision. *Long v. Norris,* 929 F.2d 1111, 1114, (6th Cir.) *cert. denied,* 502 U.S. 863, 112 S.Ct. 187, 116 L.Ed.2d 148 (1991).

■ The contours of the defense of qualified immunity in § 1983 actions are fairly well defined. Governmental officials who perform discretionary functions, such as the defendants in this case, generally are shielded from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In other words, the right must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107

S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). If officers of reasonable competence could disagree on the existence of a right, immunity should be recognized. *Mumford v. Zieba,* 4 F.3d 429, 432 (6th Cir.1993) (citing *Cagle v. Gilley,* 957 F.2d 1347, 1348 (6th Cir.1992)).

In *J.P. v. DeSanti,* 653 F.2d 1080 (6th Cir.1981), this court discussed at length the constitutional dimension of privacy concerns such as the one now before the court. We concluded that "the Constitution does not encompass a general right to nondisclosure of private information." *Id.* at 1090. Although we acknowledged the significance of a right of privacy, we found that "[i]nferring very broad 'constitutional' rights where the Constitution itself does not express them is an activity not appropriate to the judiciary." *Id.* Only when "fundamental" rights are implicated does a privacy concern take on constitutional dimensions. *Id.* We recently demonstrated the continued viability of *DeSanti* by reiterating this position. *Doe v. Wigginton,* 21 F.3d 733, 740 (6th Cir.1994) (holding that disclosure of HIV status does not violate constitutional right to privacy).

■ Disclosure of plaintiff's medical records does not rise to the level of a breach of a right recognized as "fundamental" under the Constitution. Because disclosure of plaintiff's medical records did not violate a constitutional right, it follows that defendants were entitled to qualified immunity and that plaintiff was unable to state a claim under 42 U.S.C. § 1983.

## III.

The order of the district court is hereby **reversed** and the cause is **remanded** for further proceedings consistent with this opinion.