92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James O. PARSONS, Plaintiff-Appellant,
v.
FISHER-TITUS MEDICAL CENTER; John Doe, Administrator;
Jackie M. Muschitz; Gregory Shell, Individually and in
official capacity as Huron County Assistant Prosecutor;
John Doe, Individually and in official capacity as
Commissioner of Huron County; County of Huron, Defendants-Appellees.
 No. 95-4069.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: GUY, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James O. Parsons, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3) and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Parsons sued Fisher-Titus Medical Center and two of its employees (FTMC defendants), as well as the County of Huron, a county commissioner and an assistant county prosecutor (county defendants). The county defendants were sued in their individual and official capacities. Relying on the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, Parsons essentially asserted that the defendants illegally conspired to violate his right to confidentiality of his medical records. The FTMC defendants and the county defendants both filed motions to dismiss. Upon the magistrate judge's recommendation and over Parsons's objections, the district court granted the county defendants' motion to dismiss. Because the FTMC defendants submitted matters outside the pleadings, the district court construed their motion to dismiss as a motion for summary judgment and granted summary judgment in their favor.
 
 
 3
 In his timely appeal, Parsons reasserts his same claims and argues that the district court erred by denying discovery and by refusing to impose sanctions on defendants' counsel. The FTMC defendants request oral argument.
 
 
 4
 Upon review, we conclude that the district court properly granted the county defendants' motion to dismiss. See Fed.R.Civ.P. 12(b)(6); Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 5
 Parsons's complaint failed to state a claim for conspiracy under § 1985 because he failed to allege that he was a member of a protected class or that the alleged conspiracy was motivated by racial or other class-based invidiously discriminatory animus. See Kush v. Rutledge, 460 U.S. 719, 725-26 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Furthermore, because his § 1985 claim fails, his § 1986 claim also must fail. See 42 U.S.C. § 1986; Harris v. Board of Educ., 798 F.Supp. 1331, 1346 (S.D.Ohio 1992).
 
 
 6
 Parsons's complaint failed to state a claim under § 1983 for violation of his right to confidentiality of his medical records because he did not allege a deprivation of a federal right. There is no federal statutory or common law physician-patient privilege. Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir.1992). Furthermore, disclosure of medical records does not violate a plaintiff's constitutional rights. Jarvis v. Wellman, 52 F.3d 125, 126 (6th Cir.1995).
 
 
 7
 We also conclude that the district court properly granted summary judgment to the FTMC defendants for the reasons stated above. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 8
 The district court did not err by denying discovery. The scope of discovery is with the sound discretion of the trial court, and a denial of a motion to compel discovery is reviewed only for an abuse of discretion. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir.1993). As Parsons did not show that discovery was necessary to develop his claim, the district court did not abuse its discretion. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 9
 The district court did not err by denying Rule 11 sanctions. The decision to impose or deny sanctions is within the discretion of the trial court and is reviewed only for an abuse of discretion. See Fed.R.Civ.P. 11; Haverstick Enters., Inc. v. Financial Fed. Credit, Inc., 32 F.3d 989, 996 (6th Cir.1994). Parsons argued that the defendants' motions to dismiss were abusive and not well grounded. As the district court properly granted the defendants' motions, this argument is entirely frivolous. Thus, the district court did not abuse its discretion by denying sanctions.
 
 
 10
 Accordingly, the FTMC appellees' request for oral argument is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.