[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3,, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14646
Non-Argument Calendar

_____

D.C. Docket No. 03-21089-CV-PAS

ANGELO B. PERRY,

Plaintiff-Appellant,

versus

BUREAU OF PRISONS,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 3, 2004)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Angelo Perry appeals the district court's order dismissing his complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Perry filed a complaint against the Bureau of Prisons (BOP) for "willfully and intentionally transferring [him] pursuant to inaccurate prison records, [] which, abridged upon [his] Right to Petition protected under the First Amendment of the United States Constitution." Perry argues the district court erred by mischaracterizing his complaint as a *Bivens* claim, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S. Ct. 1999 (1971), when he filed it pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), (g)(4). We agree.

The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Gowan v. United States Dep't of the Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998). Under the Act, "[w]henever any agency . . . fails to maintain any record concerning any individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." 5 U.S.C. § 522a(g)(1)(C).

Perry points to valid reasons his complaint asserts a Privacy Act claim rather than a *Bivens* claim. First, the complaint cites 5 U.S.C. § 552, not *Bivens*. Second, he claims the BOP (an agency) intentionally failed to maintain accurate records pertaining to his prison file resulting in a retaliatory, unconstitutional transfer to another prison. Unlike *Bivens* which authorizes private civil actions against individual persons, the Privacy Act only authorizes actions against an agency. *See* 5 U.S.C. § 522a(g)(1)(C); *Bivens*, 91 S. Ct. at 2004-05.

We have not issued an opinion stating the requirements for stating a claim under the Privacy Act, but several other circuits have reached this issue. The Ninth Circuit held that to state a claim under the Privacy Act, a plaintiff must allege "1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990). The Ninth Circuit's formulation has been followed by both the Tenth and D.C. Circuits. *Gowan*, 148 F.3d at 1192 (10th Cir. 1998); *Deters v. United States Parole Comm'n*, 85 F.3d 655, 657 (D.C. Cir. 1996). Although the Sixth Circuit differs from the other circuits in its formulation of the requirements by only including as elements: (1) an adverse determination, and (2) willfulness or

intention on the part of the agency, the formulations relied upon by the other circuits include both of these elements. *Cardamone v. Cohen*, 241 F.3d 520, 525 (6th Cir. 2001).

We adopt the *Rose* formulation of the elements necessary to state a Privacy Act claim. Based upon Perry's allegation that the BOP "willfully and intentionally transferr[ed] [him] pursuant to inaccurate prison records, [] which, abridged upon [his] Right to Petition protected under the First Amendment of the United States Constitution," we hold that he alleged the necessary elements to state a claim under the Privacy Act. Accordingly, we vacate the district court's decision and remand with instruction that Perry's complaint be considered under the Privacy Act.

VACATED AND REMANDED.