[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 15, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-14417
Non-Argument Calendar

_____

D. C. Docket No. 05-00314-CV-OC-10-GRJ

ELWOOD J. COOPER,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF TREASURY,
DRUG ENFORCEMENT AGENCY,
Asset and Forfeiture Section,
U.S. DEPARTMENT OF PROBATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Elwood J. Cooper, a pro se federal prisoner currently serving a life sentence for cocaine-trafficking offenses, appeals the dismissal of his complaint alleging that the United States Probation Office ("USPO"), the Asset and Forfeiture Division of the Drug Enforcement Agency ("DEA"), and the Department of the Treasury violated the Privacy Act, 5 U.S.C. § 552e, by failing to respond to his request to correct his presentence investigation report ("PSI") and documentation regarding forfeited monies. The district court dismissed Cooper's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted.

On appeal, Cooper argues the district court's reasoning for dismissal was erroneous. The district court ordered (1) dismissal without prejudice of Cooper's claim against the USPO for errors in his PSI because the claim should have been raised in the sentencing court or on direct appeal, and (2) dismissal with prejudice of Cooper's claims against the DEA and the Department of the Treasury as barred by res judicata. In a footnote, the district court also cited to 28 U.S.C. § 1915(g), the "three strike rule," and took judicial notice of Cooper's prior civil rights actions, stating "Plaintiff cannot initiate another civil rights action without paying

the $250.00 filing fee or showing that he is under imminent danger of serious physical injury." After careful review, we affirm in part and dismiss in part.[1]

We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim pursuant to § 1915A(b)(1). See Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (2001). A district court's determination that res judicata applies is a pure question of law that we review de novo. See Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004). Moreover, we "may affirm the district court on different grounds as long as the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." See Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1230 n.2 (11th Cir. 2002).

First, Cooper argues that the district court erred by finding that the claim he asserted under the Privacy Act against the USPO -- a challenge to allegedly false information, provided to the USPO by the DEA and used to determine the forfeiture amount and to enhance his sentence, in the PSI -- should have been raised at sentencing or on direct appeal.[2] Section 1915A(b)(1) states that a court

---

[1] We DENY Cooper's "Motion for Leave to File Supplemental Authority to His Initial Brief and/or Transfer Venue in the Alternative."

[2] After de novo review, we are unpersuaded by Cooper's additional argument that the district court lacked jurisdiction because his claim was filed pursuant to Middle District of Florida Local Rule 1.03(e), and he had not yet filed an application to proceed in forma pauperis. Cf. Palmer v. Braun, 376 F.3d 1254, 1257 (11th Cir. 2004) (reviewing de novo whether the district court had

shall dismiss the complaint or any portion of it if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Because the language of § 1915A(b)(1) tracks the language of Federal Rule of Civil Procedure 12(b)(6), we view the allegations in the complaint as true. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (holding that we review de novo the dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(i) applying the same standards as a dismissal under Fed. R. Civ. P 12(b)(6)).

Pursuant to the Privacy Act, "[w]henever any agency . . . fails to maintain any record concerning any individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." 5 U.S.C. §

---

subject matter jurisdiction). Local Rule 1.03(e) states the following:

> The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action.

M.D. Fla. Local R. 1.03(e). Pursuant to 28 U.S.C. § 1915A, however, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a) (emphasis added). Thus, when Cooper filed his complaint, whether or not accompanied with an application to proceed in forma pauperis, the district court immediately had jurisdiction to review the complaint to decide whether it was required to dismiss it under § 1915A(b).

4

522a(g)(1)(C).  To state a claim under the Privacy Act, a plaintiff must show:  (1) the government failed to fulfill its record-keeping obligation; (2) the failure proximately caused an <u>adverse determination</u>; (3) the failure to maintain records was intentional or wilful; and (4) the plaintiff suffered actual damages.  <u>Perry v. Bureau of Prisons</u>, 371 F.3d 1304, 1305 (11th Cir. 2004) (citing <u>Rose v. United States</u>, 905 F.2d 1257, 1259 (9th Cir. 1990)).

In his complaint, Cooper asserted that the sentencing court's reliance on disputed information in the PSI resulted in an "adverse determination," namely, the improper enhancement of his sentence.  Notably, he raised no challenge to the facts of the PSI when it was prepared or prior to imposition of his sentence on June 19, 1998.  Nor does he provide any explanation for why he did not, or could not, raise this argument then.  Based on our thorough review of the record, we readily conclude Cooper cannot raise the instant argument, at this late date, in the context of a Privacy Act claim.  <u>Cf.</u> <u>Whitley v. Hunt</u>, 158 F.3d 882, 889-90 (5th Cir. 1998) (affirming as frivolous a Privacy Act claim because "[t]he appellant] is essentially claiming that his sentence itself was incorrectly entered.  That is an issue that should have been resolved on direct appeal from his criminal conviction."), <u>abrogated on other grounds by</u> <u>Booth v. Turner</u>, 532 U.S. 731 (2001); <u>United States v. Manko</u>, 772 F.2d 481, 482 (8th Cir. 1985) (affirming denial of 28 U.S.C.

5

§ 2255 motion to modify sentence asserting a violation of the Privacy Act based on sentencing court's reliance on PSI containing allegedly false information; "These contentions, like Manko's basic complaint that the report was inaccurate in certain respects, . . . come too late. No reason appears why these contentions could not have been raised at the time of sentencing.").[3]  Accordingly, we affirm the dismissal of Cooper's claim against the USPO for failure to state a claim.

Second, Cooper argues that the district court erroneously dismissed his Privacy Act claim against the DEA and the Department of the Treasury, in which he challenged the accuracy of the DEA's "declaration of forfeitures," which was prepared in association with the forfeiture order entered against Cooper.[4]  As a

---

[3]The appropriate vehicle for seeking modification or correction of sentence is a 28 U.S.C. § 2255 motion, although such a motion is normally not available to correct errors that could have been raised at trial or on direct appeal from a conviction. See Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). We note Cooper also filed a § 2255 motion, the denial of which is currently on appeal in this Court, Cooper v. United States, Case No. 05-14922.

[4] The district court found this claim barred by the doctrine of res judicata. We do not reach the correctness of the district court's res judicata analysis because, as discussed below, it is clear, based on our prior affirmance of the denial of Cooper's motion to set aside the same forfeiture order, the instant forfeiture-related claims are barred by the law-of-the-case doctrine. Cf. Calhoun, 298 F.3d at 1230 n.2 (holding that this Court may affirm the district court on different grounds so long as the judgment entered is correct on any legal ground, albeit a different ground from the one relied on by the district court).

To the extent Cooper again challenges the accuracy of the PSI, for the reasons we have discussed above, in connection with the dismissal of this action as to the USPO, we also affirm the dismissal of his complaint against the DEA and the Department of the Treasury.

6

preliminary matter, we note that Cooper previously filed a motion to set aside the same forfeiture order. His motion to set aside was denied by the district court on May 20, 2003 and we recently affirmed that decision without opinion, pursuant to 11th Cir. R. 36-1. See Cooper v. United States, 135 Fed. Appx. 209 (11th Cir. Apr. 17, 2005). In the previous action, Cooper sued the United States, but not the DEA or the Department of the Treasury, based on: (1) a lack of adequate notice of the forfeiture; (2) a lack of authority for the United States to enter the Bahamas to make the seizures; (3) the DEA's failure to maintain inventory records of the seizures; and (4) res judicata. We summarily affirmed the district court's order denying Cooper's motion to set aside the forfeiture, in which the district court found: (1) the monies at issue were seized; (2) the monies at issue were forfeited; and (3) the amount of the forfeiture was correct.

"Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). "[W]hile the doctrine encompasses only those issues previously determined, the law is clear that it comprehends things decided by necessary implication as well as those decided explicitly." Id. (emphasis in original). "The doctrine's central purposes

7

include bringing an end to litigation, protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders." Id.

Simply put, it is implicit in the district court's finding that the amount of the forfeiture was correct, and our affirmance of that decision, that the DEA's declaration regarding the forfeiture and the monies seized by the DEA's agents also were correct. By its disposition of Cooper's motion to set aside forfeiture, the district court plainly considered the DEA's "declaration of forfeitures" to conclude, as it did, that the amount of the forfeiture was correct. Accordingly, under the law-of-the-case doctrine, Cooper's claim is barred and his complaint as to the DEA and the Department of the Treasury based on alleged error in the "declaration of forfeitures" supporting the forfeiture award was properly dismissed.

Finally, Cooper argues that the district court erred when it gave him notice, in a footnote, that he would be barred from proceeding in forma pauperis in any further civil actions pursuant to the "three-strike" rule under 28 U.S.C. § 1915(g). We are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). Accordingly, we must "consider questions of standing regardless of whether the parties have raised them." Id.

To satisfy the constitutional requirements of standing, a plaintiff must make three showings: (1) "an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Bochese, 405 F.3d at 980. We readily conclude that Cooper lacks standing to raise the issue concerning application of the "three strike" rule as he has not, and cannot, assert an injury-in-fact -- the rule has not been applied to him. Accordingly, as to this issue, we dismiss the appeal for lack of jurisdiction.[5]

In sum, we affirm the district court's dismissal of Cooper's complaint for failing to state a claim upon which relief could be granted and dismiss Cooper's argument regarding the "three-strike" rule because he lacks standing to raise the issue.

**AFFIRMED IN PART AND DISMISSED IN PART.**

---

[5] In dismissing this claim, we express no opinion as to its merits, but conclude that the issue is simply not ripe for determination at this time.