[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13557
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-21751-CV-WMH

KELLY JONES,

Plaintiff-Appellant,

versus

JORGE LUIS,
FEDERAL BUREAU OF PRISONS,
UNITED STATES OF AMERICA,
UNKNOWN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2010)

Before EDMONDSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Kelly Jones, a federal prisoner proceeding *pro se*, appeals (1) the dismissal of his civil rights complaint for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and (2) the dismissal of his motion to strike the magistrate judge's supplemental Report and Recommendations ("R&R") and motion to recuse the magistrate judge. After review of Jones's brief and the record, we affirm the district court's denial of his motions and dismissal of his complaint.

Jones filed a complaint against three defendants: Federal Detention Center-Miami Psychologist Jorge Luis, the Federal Bureau of Prisons ("BOP"), and John/Jane Doe. During a prior criminal trial, the court ordered Jones to participate in a psychological examination under 18 U.S.C. § 4241, in order to determine whether he was competent to withdraw from his motion to withdraw his guilty plea. Luis was assigned to conduct the evaluation, and determined that Jones was competent. Jones alleged in his amended complaint that Luis failed to consider numerous psychological records that Jones's attorney had sent to Luis, but were never received by Luis. Jones also alleged that Luis's report was filled with "fraudulent misrepresentations, prejudicial comments, unsupported assumptions, untrue statements, and false claims." Jones then stated that Luis gave fraudulent

2

testimony at Jones's sentencing hearing regarding his psychological character.

I. *Recusal Motion*

We review the denial of a motion for recusal for abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam) (citation omitted). A district judge or magistrate judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). The standard of review for a § 455 motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation and quotation omitted).

The magistrate judge, in a supplemental R&R, expounded on the details of Jones's criminal case to better shed light on the reasons his complaint failed to state a claim for relief. Jones argues that the magistrate judge showed his "bias and apparent anger" in providing this additional information to assist the defendants. Appellant Br. 13. Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except "when a judge's remarks in a judicial context

3

demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (per curiam) (citation and quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)). The bias must be personal, rather than judicial in nature. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (citation omitted). Therefore, a judge's rulings are not a sufficient basis for recusal in the absence of a showing of pervasive bias. *Id.*

Other than the magistrate judge's recommendation in his supplemental R&R, Jones point to nothing that would indicate that the magistrate judge was personally biased towards him, and points to no remarks by the magistrate judge that would indicate pervasive bias. Thus, the district court did not abuse its discretion in denying Jones's motions to strike and recuse.

II. *Failure to State a Claim*

We review *de novo* the district court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), taking the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003) (citation omitted). We liberally construe *pro se* pleadings, holding them to a less

4

stringent standard than pleadings drafted by attorneys.  *Id.* at 1160 (citation omitted).

Jones's amended complaint states five causes of action: (1) a violation of the Privacy Act, 5 U.S.C. § 552a(e)(5); (2) defamation, libel and slander; (3) violation of the BOP's "Psychological Services Manual;" (4) breach of Luis's fiduciary duty; and (5) fraudulent misrepresentation.

A.  The Privacy Act

The Privacy Act, 5 U.S.C. § 552a, "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304 (11th Cir. 2004) (per curiam) (alteration in original) (citation and quotation omitted).

The Privacy Act allows an individual to bring a civil action in a district court against an agency if the agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination" concerning such individual that is based upon such record.  5 U.S.C. § 522a(g)(1)(C).

To state a claim under the Privacy Act, a plaintiff must allege "1) that the government failed to fulfill its record keeping obligation, 2) which failure

proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Perry*, 371 F.3d at 1305 (citation and quotation omitted). Furthermore, the Privacy Act only authorizes civil actions against an agency, not individual persons. *Id.*

Jones alleges in his amended complaint that "Defendant knowingly and maliciously made detrimental determinations against [Jones] in his criminal proceeding." D.E. 19 at 3. Even construing "Defendant" to include both Luis and the BOP, Jones has not stated a claim for relief. He did not allege any failure on the part of the BOP to fulfill its record keeping obligations. Instead, he argues that Luis "made detrimental determinations" against Jones in his criminal proceeding on the basis of the record. That is, he does not allege any errors in the BOP's record keeping; rather, he alleges that Luis misused the information in the records to make an adverse determination against Jones. However, Jones cannot bring an action against a private individual such as Luis. Because Jones has alleged no failure on the part of the BOP in its record keeping, and cannot state a claim against Luis as an individual, the district court properly dismissed his Privacy Act claim.

B. Defamation Claim

Issues that are not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citation omitted). On appeal, Jones does not address the dismissal of his defamation claim, and has abandoned this issue on appeal.

C. Violation of the BOP's Psychological Services Manual

In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395 (1971), "the Supreme Court created a remedial scheme to enforce justiciable constitutional rights." *Denson v. United States*, 574 F.3d 1318, 1335–36 (11th Cir. 2009). Thus, to establish a *Bivens* claim, a plaintiff must allege, *inter alia*, deprivation of a constitutional right. *See id.* at 1336; *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (stating that a *Bivens* claim challenges the constitutionality of federal officials' actions).

Here, for the first time on appeal, Jones argues that Luis violated his due process rights by failing to obey BOP policies and procedures. In the district court, Luis simply alleged that Luis violated the BOP's "Psychological Services Manual," and, as a result, Jones suffered compensable injuries. To the extent that Jones argues that Luis violated his due process rights, we will not consider an argument that was not presented below. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Because Jones did not allege that

7

failure to follow BOP procedures rose to the level of a constitutional violation, the district court properly dismissed his claim.

    D.  <u>Claim Brought Under 18 U.S.C. § 4241</u>

    Pursuant to 18 U.S.C. § 4241(a), the defendant or the attorney for the Government may file a motion for a hearing to determine the defendant's mental competency at any time between commencement of the prosecution and prior to sentencing. Jones alleges that Luis breached his fiduciary duty to him under section 4241 by failing to report material information that was beneficial.

    Whether a statute creates a private right of action is a "question of statutory construction." *Love v. Delta Air Lines*, 310 F.3d 1347, 1351 (11th Cir. 2002) (citation and quotation omitted). There is no indication in the text of section 4241 that it intended to create a private cause of action. Instead, section 4241 is a criminal procedure statute instructing the court as to how to determine a defendant's mental competency to stand trial in a criminal proceeding. Because no private right of action exists under 18 U.S.C. § 4241, the district court properly dismissed Jones's claim under this statute.

    E.  <u>Fraudulent Misrepresentation</u>

    Witnesses are granted absolute immunity from § 1983 claims for their testimony during trials. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)

8

(citation omitted). We generally apply § 1983 law to *Bivens* cases. *See Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (citation omitted). The penalty for false testimony by witnesses is potential prosecution for perjury. *Jones*, 174 F.3d at 1281 (citation omitted).

Jones seeks damages for Luis's allegedly fraudulent testimony during Jones's criminal proceedings. Assuming that Luis made fraudulent misrepresentations during the trial, he is immune from civil liability.

The district court properly dismissed Jones's amended complaint for failure to state a claim. Accordingly, we affirm.

**AFFIRMED.**