KETHLEDGE, Circuit Judge,
dissenting.
Moore claims that prison officials violated his constitutional rights by telling other prisoners that he is infected with HIV. The district judge thought this claim barred by our precedents, notably Doe v. Wigginton, 21 F.3d 733 (6th Cir.1994). I think so too, and therefore respectfully dissent.
The majority distinguishes Wigginton on the ground that it involved the disclosure of an inmate’s HIV status by one prison official to another, whereas here the plaintiff alleges that prison officials disclosed his HIV status to other inmates. But nothing in Wigginton turned on the recipient of the message. Instead, Wig-ginton involved merely a straightforward application of our holding in J.P. v. DeSanti, 653 F.2d 1080 (6th Cir.1981), under which private information receives no constitutional protection unless it relates to one of “those personal rights that can be deemed ‘fundamental’ or ‘implicit in the concept of ordered liberty.’ ” Id. at 1090; see also Kallstrom v. City of Columbus, 136 F.3d 1055,1061-62 (6th Cir.1998). De-Santi itself involved a claim of constitutional protection for reports of “social histories” prepared by probation officers in juvenile-court cases. See 653 F.2d at 1081-82. We held that dissemination of those reports did not violate the juveniles’ constitutional rights of privacy, because the information they contained was “far afield” from any fundamental right. Id. at 1090. Thus, when we stated in Wigginton that the inmate’s “privacy argument [was] indistinguishable from that made in De-Santi,” 21 F.3d at 740, we meant that the information at stake — the fact of an inmate’s HIV infection — -did not implicate a fundamental right and thus did not trigger any constitutional protection at all. That, in my view, renders irrelevant the distinction between the recipient in Wigginton and the recipient here.
Our decision in Jams v. Wellman, 52 F.3d 125 (6th Cir.1995), confirms the point. In Jams, we rejected a rape victim’s claim that prison officials violated her constitutional privacy rights by permitting her assailant to view her medical records and those of her infant child. Id. at 125-26. Relying on DeSanti and Wigginton, we reasoned broadly that “[disclosure of plaintiffs medical records does not rise to the level of a breach of a right recognized as ‘fundamental’ under the Constitution.” Id. at 126. The same logic compels dismissal in this case, because the plaintiffs claim here is based solely on prison officials’ disclosure of a particular detail from his medical records.
The Third Circuit reads our precedents the same way I do. In Doe v. Delie, 257 F.3d 309 (3d Cir.2001) — upon which the majority relies here — the Third Circuit acknowledged that the “Sixth Circuit had explicitly held that the right of privacy is not implicated at all by prison officials’ *430 disclosure of an inmate’s HIV status.” Id. at 319 n. 7 (emphasis added) (citing Wig-ginton, 21 F.3d at 740). Indeed the court observed that the “Sixth Circuit does not recognize the right to privacy in one’s medical information in any setting.” Id. (emphasis added).
For these reasons, I respectfully dissent.