**ALD-213**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1835
_____

DAVID KATES,
                                   Appellant

v.

JOE E. KING, U.S.P.; JOLENE R. WHITTEN, U.S.P.O Chief;
ATTY L. CUNNINGHAM, U.S.P. Lewisburg Supervising Attorney;
B. J. HAMILTON, Case Manager;
K. A. METZGER, Counselor U.S.P. Lewisburg
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00951)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

(Opinion filed: July 5, 2012)
_____

OPINION
_____

1

PER CURIAM.

David Kates, proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint. For the following reasons, we will summarily affirm the District Court's judgment.

Kates, a federal prisoner currently confined at the United States Penitentiary at Lewisburg, Pennsylvania (USP-Lewisburg), filed a complaint in the District Court naming the following defendants: Joe E. King, a United States probation officer in the Northern District of Texas; Jolene R. White, Chief of the United States Probation Office for the Northern District of Texas; L. Cunningham, a supervising attorney at USP-Lewisburg; B.J. Hamilton, a case manager as USP-Lewisburg; and K.A. Metzger, a counselor at USP-Lewisburg. Kates sought an order from the District Court directing the defendants to correct information in the presentence investigation report (PSI) that was used in Kates' sentencing in the United States District Court for the Northern District of Texas. Kates alleged that the PSI contained inaccurate information about a prior conviction. As a result of the inaccurate information, Kates claimed that he was classified as a habitual offender, causing his sentence to be increased by 240 months.

According to the complaint, in March 2010, Kates learned of Federal Bureau of Prisons' ("BOP") Program Statement 5800.11, which, he contends, allows an inmate to correct information in his PSI and central file. As a result, Kates filed an inmate request with a case manager at USP-Lewisburg in order to have the information in his PSI

2

corrected. After he was unsuccessful in having the information changed, Kates filed suit in the District Court. He argued that the defendants, by failing to correct the information in the PSI, have violated his rights under the Privacy Act, 5 U.S.C. § 552a, and under BOP Program Statement 5800.11. He further alleged that because of the significant delay in correcting the information, he continues to suffer from cruel and unusual punishment, a denial of his liberty, and false imprisonment.

Adopting the recommendation of the magistrate judge, the District Court granted Kates in forma pauperis status and dismissed his complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. After the District Court denied Kates' motion for reconsideration, he timely appealed to this Court.

We have appellate jurisdiction under 28 U.S. C. § 1291. Our review of the District Court's sua sponte dismissal of the complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, Kates' complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Upon review, because no substantial issue is presented on appeal, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records."

3

Perry v. Bureau of Prisons, 371 F.3d 1304, 1304-05 (11th Cir. 2004) (quoting Gowan v. United States Dep't of the Air Force, 148 F.3d 1182, 1187 (10th Cir. 1998). The Act provides that "[w]henever any agency" fails to comply with any provision of the statute, "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1). The Act does not authorize suit against individual employees of an agency. See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006). As the District Court explained, because none of the named defendants are federal agencies, Kates failed to state a claim against them under the Privacy Act.

The District did not abuse its discretion in declining to allow Kates leave to amend complaint to assert a Privacy Act claim against defendants' employers because doing so would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Indeed, the BOP has exempted its central record system, where an inmate's PSI is located, from the Act's relevant enforcement provisions. See 28 C.F.R. § 16.97(a); see also Fendler v. United States Bureau of Prisons, 846 F.2d 550, 553-54 (9th Cir. 1998). Additionally, United States Probation Offices, because they are units of the federal courts, see 18 U.S.C. § 3602, are not subject to the Privacy Act. See 5 U.S.C. § 551(1)(B); Washington Legal Found. v. United States Sentencing Comm'n, 17 F.3d 1446, 1449 (D.C. Cir. 1994).

Kates also alleged in his complaint that defendants Cunningham, Hamilton, and Metzger failed to comply with BOP Program Statement 5800.11. Under Program Statement 5800.11, when a federal inmate challenges information in his PSI, BOP staff

4

should inform the appropriate Probation Office of the disputed information and request a written response. See Program Statement 5800.11. However, changes may not be made to a PSI after an inmate has been sentenced because it is a court document. Id.

Assuming arguendo that a cause of action exists for a violation of Program Statement 5800.11, the District Court correctly observed that Kates attached documents to his complaint contradicting his assertion that the defendants failed to comply with Program Statement 5800.11. Indeed, Kates received a written response from the United States Probation Office for the Northern District of Texas informing him that because the sentencing court had accepted the PSI, it could not be altered. Thus, we agree with the District Court that Kates failed to state a claim upon which relief could be granted based on Program Statement 5800.11.

Finally, Kates alleged that the defendants, by failing to correct the alleged error in the PSI, have violated his constitutional rights. However, because the record demonstrates that the defendants met their obligations under Program Statement 5800.11, we agree with the District Court that Kates' has failed to state any facts suggesting that defendants' actions resulted in a constitutional violation.

Accordingly, we will summarily affirm the orders of the District Court dismissing the complaint and denying the motion for reconsideration.