[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14017
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02817-SDM-AEP


DAVID J. ELKINS,

Plaintiff-Appellant,

versus

TROY ELENZ,
MICHAEL PALMIOTTO,
ROBERT ROBBINS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 11, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

David Elkins appeals the district court's dismissal of his *pro se* civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), the Privacy Act, 5 U.S.C. § 552a, and the Administrative Procedure Act, 5 U.S.C. §§ 702, 706 ("APA").  His complaint stemmed from: (1) alleged aerial surveillance of his car along a public roadway by defendant Robbins, a Drug Enforcement Administration agent; and (2) his probation officer requiring him to turn over, on threat of revocation of probation, a mental health examination Elkins had conducted at his own expense.  The district court granted qualified immunity and dismissed the constitutional violations and also dismissed the statutory violations for a failure to state a claim because Elkins did not name an agency defendant.

On appeal, Elkins first argues that the district court should have converted the defendants' motion to dismiss into a motion for summary judgment and considered his supporting affidavits.  Second, he argues that the district court erred in dismissing his constitutional rights claims to be free from aerial surveillance on a public roadway.  Finally, he argues that the district court erred in dismissing his allegations of violations of the Privacy Act and the APA.  After careful review, we affirm.

I.

2

We review *de novo* a district court's decision to grant a motion to dismiss, including whether a district court was required to convert a motion to dismiss into a motion for summary judgment. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336-37 (11th Cir. 2010); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). We also review *de novo* whether a complaint alleges a violation of a clearly established constitutional right. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). We accept the facts alleged in the complaint as true, draw all reasonable inferences in the plaintiff's favor, and limit our review to the four corners of the complaint. *Id.*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A district court does not need to formally exclude a matter outside of the pleadings if it is clear the district court did not consider such in its order. *See Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010).

Here, the district court was not required to convert the motion to dismiss unless it considered material outside of the complaint. Since the district court dismissed the complaint on its legal merits, it was unnecessary for it to consider the additional affidavits Elkins submitted. *See Harper*, 592 F.3d at 1232.

3

Accordingly, the district court did not err when it did not convert the motion to dismiss into a motion for summary judgment.

## II.

The Supreme Court has held that federal officials may be sued in their individual capacities for violations of a person's constitutional rights. *Bivens*, 403 U.S. at 397, 91 S. Ct. at 2005. *Bivens* actions are brought directly under the Constitution, without a statute providing a cause of action. *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004). However, "qualified immunity shields governmental officials executing discretionary responsibilities from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1300 (11th Cir. 2007) (quotations omitted). When a district court is evaluating a defendant's Rule 12(b)(6) motion to dismiss based on qualified immunity, it "should grant qualified immunity if the plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right." *Id.* "The applicable law is clearly established if the preexisting law dictates, that is, truly compel[s], the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances." *Evans v. Stephens*, 407 F.3d 1272, 1282 (11th Cir. 2005) (alteration in original) (quotations omitted). A

4

right must be "clearly established" at the time of the alleged violation.  *Rehberg v. Paulk*, 611 F.3d 828, 846 (11th Cir. 2010), *aff'd on other grounds*, 132 S. Ct. 1497 (2012).

Multiple courts have found aerial surveillance to be constitutional.  *Florida v. Riley*, 488 U.S. 445, 109 S. Ct. 693 (1989); *United States v. Robinson*, 62 F.3d 1325, 1330 (11th Cir. 1995) (holding that aerial surveillance of a home using thermal imagery was constitutional).  Courts have also found little expectation of privacy in movement along a public thoroughfare.  *See, e.g.*, *United States v. Knotts*, 460 U.S. 276, 280-82, 103 S. Ct. 1081, 1084-86 (1983).  After the surveillance in this case, the Supreme Court ruled that attaching a GPS device to the undercarriage of a defendant's jeep without a warrant constituted a search for Fourth Amendment purposes, and the evidence obtained by the warrantless use of the device was properly suppressed.  *See United States v. Jones*, 565 U.S. __, 132 S. Ct. 945 (2012).  Because *Jones* was decided after the challenged actions here, it did not clearly establish the relevant law.[1]  We cannot conclude that the district court erred in holding that there has been no violation of clearly established constitutional rights.

---

[1]    Moreover, *Jones* did not overrule or disturb the holding in *Knotts* where the beeper was installed with consent at a time the container belonged to a third party.  *See Jones*, 565 U.S. at __, 132 S. Ct. at 952.  As in *Knotts*, the surveillance here did not involve any nonconsensual attachment of a device, and the surveillance of defendant's movements occurred only while he traveled the public highways.

Probation is a criminal sanction imposed by a court after a finding of guilty. *United States v. Knights*, 534 U.S. 112, 119, 122 S. Ct. 587, 591 (2001). Probationers "do not enjoy the absolute liberty to which every citizen is entitled." *Id.* (quotation omitted).  We have not addressed whether a probation officer can require a probationer to turn over medical records, without a court order, on threat of revocation of probation.  However, other circuits have addressed this issue to varying degrees.  *See, e.g.*, *United States v. Wayne*, 591 F.3d 1326, 1332-33 (10th Cir. 2012) (holding that a district court could require a probationer to submit a mental health report to the probation office); *United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir. 2001) (holding that the release of mental health records was permissible to ensure compliance with conditions of supervised release); *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (holding that a disclosure of a plaintiff's medical records did "not rise to the level of a breach of a right recognized as 'fundamental' under the Constitution.  Because disclosure of plaintiff's medical records did not violate a constitutional right, it follows that defendants were entitled to qualified immunity").

The district court correctly granted qualified immunity and dismissed the constitutional claims.  At the time of the alleged violations, there was no clearly established right to be free from aerial surveillance on a public roadway or electronic surveillance tracking only location.  *See Williams*, 477 F.3d at 1300;

6

*Rehberg*, 611 F.3d at 846. Similarly, in the absence of clearly established procedures for requesting and obtaining medical records from a probationer, the actions taken in this case could not have violated a "clearly established" right to be free from such under the Fourth and Fifth Amendments.

### III.

To state a claim under the Privacy Act, a plaintiff must allege: (1) that the government failed to fulfill its record-keeping obligation, (2) which failure proximately caused the adverse determination, (3) that the agency failed intentionally or willfully to maintain the records, and (4) that the plaintiff suffered actual damages. *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1305 (11th Cir. 2004) (quotation omitted) (internal quotation marks omitted). Similarly, under the terms of the APA, a claimant "must direct its attack against some particular 'agency action' that causes harm." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891, 110 S. Ct. 3177, 3190 (1990).

Elkins's Privacy Act and APA claims must fail. Elkins did not name a defendant agency in his complaint, as amended, and he did not request permission from the district court to amend the complaint further. *See Perry*, 371 F.3d at 1305. He has not identified an intentional or willful failure to maintain records, nor has he identified an agency action that has caused him harm. *See id.*

Accordingly, the district court correctly dismissed any claim based on the Privacy Act or the APA.

## IV.

After a thorough review of the record and the parties' briefs, we affirm.

AFFIRMED.