[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2008
THOMAS K. KAHN
CLERK

No. 08-10324
Non-Argument Calendar

_____

D. C. Docket No. 06-23057-CV-CMA

ALFRED WAYNE LEE,

Plaintiff-Appellant,

versus

UNITED STATES ATTORNEY FOR THE SOUTHERN
DISTRICT OF FLORIDA, R. Alexander Acosta,
FREEDOM OF INFORMATION ACT/PRIVACY ACT STAFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 14, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Alfred Wayne Lee, a pro se federal prisoner, appeals the district court's order granting summary judgment in his civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a. After review, we affirm.

## I. BACKGROUND

In 1999, Lee was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and sentence to 210 months' imprisonment. This Court affirmed his conviction on appeal. Lee filed multiple collateral attacks on his conviction, which were denied.

On June 27, 2006, Lee sent a letter to the United States Attorney for the Southern District of Florida requesting, pursuant to FOIA and PA, all records "contained in the files of [his] Office" relating to Lee's 1999 criminal conviction, as well as a "copy of the written certificate by the Attorney General . . . that was obtained in advance by the Office of the United States Attorney for the Southern District of Florida and which authorized the federal prosecution" of Lee's criminal case. The United States Attorney's Office ("USAO") forwarded Lee's request for processing to the FOIA/PA staff at the Executive Office for the United States Attorneys ("EOUSA") in Washington, D.C. and advised Lee by letter that it had done so.

On July 28, 2006, the EOUSA sent Lee a notice that it had received Lee's records request and asking for certification of Lee's identity. EOUSA also advised Lee he would need to resubmit his records request with his certification of identity. Lee sent a letter to EOUSA on August 28, 2006 stating that he had sent the certification of identity, but had not yet received any records. On September 20, 2006, EOUSA advised Lee by letter that his request would be processed in the order it was received due to the backlog within the FOIA department.

EOUSA forwarded Lee's records request to the FOIA contact for the Southern District of Florida, Assistant United States Attorney Carole Fernandez. According to Fernandez, a query of Lee's name in the computer case tracking system indicated that Lee's criminal case file was a closed file located in the USAO's Miami Closed File Room. However, a support services technician's search of this room found no records relating to Lee's criminal case. Several more searches were conducted of the room without success. Unsuccessful searches were also conducted at the West Palm Beach and Fort Lauderdale offices and the USAO's archives shipment. At Fernandez's request, the assistant United States attorneys who worked on Lee's criminal case, as well as the USAO's Appellate Division, conducted searches, but were unable to locate any responsive records. One case file pertaining to Lee's appeal of a post-conviction motion to vacate was

located. Copies of those records – 29 pages – were forwarded to EOUSA, where they were processed and 26 full and 3 partial pages were provided to Lee on May 22, 2007.

On December 20, 2006, while his records request was still pending, Lee filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361, seeking to compel the United States Attorney for the Southern District of Florida and the FOIA/PA staff at EOUSA to produce the records he had requested. A magistrate judge issued an order construing Lee's petition as a claim pursuant to FOIA and PA and set a deadline for filing summary judgment motions.

Defendants filed a motion for summary judgment, arguing that they had conducted a thorough search in good faith and had sent Lee all available records. Lee responded that defendants were deliberately stonewalling and their efforts to locate the requested records were "woefully inadequate" and lacked good faith.

The magistrate judge's report and recommendation ("R&R") concluded the undisputed record showed that defendants conducted a thorough search in good faith and used appropriate methods to locate the requested records, but were unable to locate the criminal file. The R&R found that Lee's claims of bad faith and inadequate search were "conclusory[,] unsupported statements or beliefs."[1] Over

_____

[1]Lee did not submit a declaration or affidavit in opposition to summary judgment, but appended to his summary judgment response a statement that, under penalty of perjury, the facts

4

Lee's objection, the district court adopted the R&R and granted summary judgment. The district court denied Lee's subsequent Rule 59(e) motion to alter or amend the judgment.

Lee filed this appeal.[2]

## II. DISCUSSION

FOIA requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available unless the information within the records is protected from disclosure by a statutory exemption. 5 U.S.C. § 552(a)(3), (b). A plaintiff may bring a private cause of action under the FOIA in federal court to enjoin a federal agency that has improperly withheld its records. 5 U.S.C. § 552(a)(4)(B); Ray v. U.S. Dep't of Justice, 908 F.2d 1549, 1559 (11th Cir. 1990), rev'd on other grounds sub nom. U.S. Dep't of State v. Ray, 502 U.S. 164 (1991).

Similarly, the PA "governs the government's collection and dissemination of information and maintenance of its records and generally allows individuals to gain

_____

and information contained within it were true.

[2]We review de novo the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

5

access to government records on them and to request correction of inaccurate records." Perry v. Bureau of Prisons, 371 F.3d 1304, 1304 (11th Cir. 2004) (quotation and alteration omitted). Under the PA, a plaintiff may bring a civil action against an agency that fails to comply with his request, and the district court has jurisdiction to order the agency to produce agency records that were improperly withheld. 5 U.S.C. § 552a(g)(1)(B), (3)(A).

"The adequacy of an agency's search for documents requested under FOIA is judged by a reasonableness standard." Ray, 908 F.2d at 1558. The search need not be exhaustive. Rather, "the agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." Id. (quotations omitted). This burden can be met by producing affidavits that are "relatively detailed, nonconclusory, and submitted in good faith." Id. (quotation omitted). Once the agency meets its burden to show that its search was reasonable, the burden shifts to the requester "to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith." Id.

Here, defendants produced detailed affidavits explaining the method of processing Lee's records request and showing that they conducted a search reasonably calculated to uncover the requested documents. Specifically, defendants searched where the criminal case file should have been stored and,

6

when it did not turn up at that location, searched in the other locations it might reasonably have been found, such as in the offices of the government attorneys who worked on Lee's criminal case, the other offices of the United States Attorney for the Southern District of Florida and the archives.

Lee provided no evidence to rebut the adequacy of the search or to support his claim that defendants acted in bad faith. Lee's assertion that defendants deliberately removed his criminal case file from the storage room is mere speculation and insufficient for summary judgment purposes. Contrary to Lee's argument, defendants were not required to search the files of the Attorney General or the United States Department of Justice. Lee's records request was directed to the United States Attorney for the Southern District of Florida and specifically requested documents maintained by the USAO. See Ray, 908 F.2d at 1558-59 ("FOIA does not require an agency to exhaust all files which conceivably could contain relevant information."). Furthermore, the fact that defendants did not respond to Lee's request within 20 days of receipt does not support his claim of bad faith. Defendants explained the reasons for any delays in processing Lee's request, and Lee presented no evidence rebutting them.

Because Lee failed to show a genuine issue of material fact as to the reasonableness of the search for responsive records or defendants' good faith in

7

conducting the search and providing responsive records, the district court did not

err in granting summary judgment to defendants.[3]

   **AFFIRMED.**

---

[3]We also reject as without merit Lee's claims that defendants' failure to provide the requested documents violated his constitutional rights and voided his conviction. To the extent Lee challenges the denial of access to records under the PA, that claim is moot as defendants released the documents in their possession. See 5 U.S.C. § 552a(g)(1) (B), (3)(A) (providing for injunctive relief for improperly withheld documents).