[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14396
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-23057-CV-CMA

ALFRED WAYNE LEE,

Plaintiff-Appellant,

versus

U.S. ATTORNEY FOR THE SOUTHERN DISTRICT
OF FLORIDA, Jeffrey Sloman,
FREEDOM OF INFORMATION ACT/PRIVACY ACT
STAFF, Executive Office for United States
Attorneys in Washington, D.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This is Alfred Wayne Lee's second appeal in this case. In 2006, Lee, a pro se federal prisoner, filed this civil action alleging claims under the Freedom of Information Act ("FOIA"), and the Privacy Act ("PA"). Lee's claims focused on the defendants' failure to respond to his FOIA and PA requests with documents relating to his criminal prosecution. In 2007, the district court granted summary judgment to the defendants, and, in 2008, this Court affirmed. See Lee v. U.S. Att'y for the S. Dist. of Fla., 289 F. App'x. 377 (11th Cir. 2008). This Court concluded that summary judgment was proper because "Lee failed to show a genuine issue of material fact as to the reasonableness of the search for responsive records or defendants' good faith in conducting the search and providing responsive records." Id. at 381.

In 2009, Lee filed a motion under Federal Rule of Civil Procedure 60(b)(3) and (b)(6) to reopen his case. Lee's Rule 60(b) motion again requested the documents related to his criminal prosecution and asserted that the defendants did not comply in good faith with his FOIA and PA requests. The district court denied Lee's Rule 60(b) motion, noting that he had not made a sufficient showing that the

case should be reopened.[1]

Lee filed this appeal, making essentially the same argument he made in his first appeal – that the evidence presented in the district court before his first appeal shows that the defendants acted in bad faith in responding to his FOIA and PA requests. We, like the district court before us, are bound by the law of the case doctrine and may not revisit the issues Lee raised in his first appeal. See United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (explaining that under the law of the case doctrine, both the appeals court and the district court are bound by the findings of fact and conclusions of law made in the prior appeal unless certain exceptions apply). Lee has not identified any applicable exception to the law of the case. Thus, the district court did not abuse its discretion in denying Lee's Rule 60(b) motion.

**AFFIRMED.**

---

[1]We generally review the denial of a Rule 60(b) motion for abuse of discretion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).